FILED
SUPERIOR COURT
OF GUAM

2020 SEP 28 PM 3:23

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JULIA A. BRUNER,<br><br>        Plaintiff,<br><br>v.<br><br>BERNARD T. BRUNER,<br><br>        Defendant. | **DOMESTIC CASE NO.: DM0572-17**<br><br>**DECISION AND ORDER**<br>Re: Defendant's Motion to Reconsider &<br>Commence Receiving Community<br>Property Interest in Plaintiff's Military<br>Retirement |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on July 14, 2020, upon Defendant's Motion Reconsider Court's April 3, 2020 Findings of Fact and Conclusions of Law. Plaintiff, Julia A. Bruner ("Julia"), is represented by Attorney William B. Pole. The Defendant, Bernard T. Bruner ("Bernard"), is represented by Daron J. Berman of Berman, O'Connor, and Mann. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **DENIES** the Defendant's Motion to Reconsider and Motion to Commence Receiving Community Property Interest in Plaintiff's Military Retirement.

## BACKGROUND

On November 1, 2017, Julia filed her Complaint for Divorce. As noted in the Complaint for Divorce, the parties have one minor child, conceived before the marriage which took place on July 19, 2005. After a bench trial spanning from February 19, 2019 to December 15, 2019, this Court issued a Findings of Fact and Conclusions of Law ("FFCL") on April 3, 2020.

Defendant filed his Motion to Reconsider and Motion to Commence Receiving Community Property Interest in Plaintiff's Military Retirement on July 14, 2020. Plaintiff filed her Opposition to Defendant's Motion on August 5, 2020. This Court heard oral arguments on September 17, 2020 and subsequently took this matter under advisement.

## DISCUSSION

Rule 59(e) of the Guam Rules of Civil Procedure states as follows: "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." Guam R. Civ. P. 59(e). A Motion for Reconsideration brought under Rule 59(e) is appropriate when the trial court: "1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (*citing School Dist. No IL Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994)); See also *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. Although this rule allows the Court to reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (*citing Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The Motion to Reconsider cannot be used to "present a new legal theory, raise arguments for the first time, or present evidence for the time when they could have reasonably been raised earlier." *Id. (citing Ward*, 1998 ¶ 13).

Here, Defendant requests that the Court reconsider its FFCL under Rule 59(e) since "the Court committed clear error." (Mot. To Reconsider at 2, July 14, 2020). Specifically, Defendant contends there is a clear error in the FFCL's language that "Defendant Bruner is 'not owed' his share in Plaintiff's retirement benefits until she has actually retired." *Id.* (*citing* Finds. Fact & Concl. L. at Page 16, Line 20, April 3, 2020). Bernard claims that military retirement benefits are divisible and subject to receipt before Julia actually retires and that he can elect to receive the money immediately while foregoing higher returns in the future. (Mot. To Reconsider at 3).

Julia, in turn, argues that Federal Law pre-empts States from treating waived military retirement benefits as community property which effectively renders all military retirement benefits as a contingent interest subject to a condition subsequent of potential waiver by the receiving party. (Plaintiff Opp'n Mot. at 2, August 5, 2020). As a contingent interest subject to a condition subsequent, military retirement must be vested through actual possession in order to be divisible. *Id.*

The Uniform Services Former Spouses' Protection Act ("USFSPA") authorizes "state courts to treat 'disposable retired or retainer pay' as community property." *Mansell v. Mansell*, 490 U.S. 581, 584 (1989) (*citing* 10 U.S.C. § 1408(c)(1)). Domestic relations are generally matters of state law, but in *Mansell*, the Supreme Court found that the USFSPA "completely pre-empted the application of state community property law to military retirement pay." *Mansell*, 490 U.S. 581, 588 (1989). While *Mansell* deals specifically with military retirement benefits that are waived in order to receive disability benefits, the Supreme Court clarified in *Howell*, "the divorce decree might be said to 'vest' . . . . an immediate right to half of . . . . military retirement pay, that interest is, at most, contingent, depending for its amount on a subsequent condition." *Howell v. Howell*, 127 S.Ct. 1400, 1405-06 (2017). The amount of retirement pay is not certain, and thus subject to a condition subsequent, because the eligible service member may waive a portion of the amount in order to receive disability payments.

Further, the USFSPA does grant the states the authority to "treat disposable retired pay" as community property subject to division. 10 U.S.C. § 1408(c)(1). <u>See</u> <u>also</u> *Barron*

DM0572-17, Bruner v. Bruner
Decision and Order (Motion for Reconsideration).

Page 3 of 5

*v. Barron*, 440 P.3d 1136, 1138 (Ariz. 2019). Within the USFSPA, "disposable retired pay" is defined as "the total monthly retired pay to which a member is entitled." 10 U.S.C. § 1408(a)(4)(A). The legislative history of the Act reveals, "a court order . . . . may provide for the payment of a portion of a member's retired or retainer pay to a spouse or former spouse *when that member becomes entitled* to that pay even though that member, has not yet retired, and therefore, not yet become entitled to such pay." S. Rep. No. 97-502, at 17 (1982) (emphasis added). See also *Barron*, 440 P.3d 1136, 1138. A member is not entitled to military retirement pay until they actually retire and only entitled military retirement pay is subject to immediate receipt by a former spouse. See 10 U.S.C. § 1408(d)(1) ("In the case of a member not entitled to receive retired pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date on which the member first becomes entitled to receive retired pay"). See also *Barron,* 440 P.3d 1136, 1139. Therefore, a state court can treat military retirement benefits as community property subject to division, but the former spouse cannot receive his interest in the property until after the service member becomes entitled to it through actual retirement.

Bernard argues that *Howell* and *Mansell* do not apply to this case because they concern waived military retirement benefits and not military retirement benefits, that a member is eligible for, through years of service, but not yet entitled to. (Def't Reply to Opp. Mot. at 1, September 14, 2020). However, while both cases deal directly with waived retirement benefits, *Howell* contains language that affects the Motion before us. "State courts cannot 'vest' that which (under governing federal law) they lack the authority to give." *Howell*, 127 S.Ct. 1400, 1405. A state court cannot bypass federal law to give Defendant an immediate right to military retirement benefits that have yet to be vested. Bernard relies on three California decisions to support his position. See *In Re Marriage of Luciano,* 104 Cal. App. 3d 956 (1980); See also *Waite v. Waite*, 6 Cal. 3d 461 (1972); See also *In Re Marriage of Martin*, 50 Cal. App. 3d, 581 (1975). However, the USFSPA preempts state law as applied to military retirement benefits rendering these cases inapplicable.

## CONCLUSION

Based on the foregoing, Defendant Bruner's Motion for Reconsideration and Motion for Commencement of Receiving Community Property Interest in Plaintiff's Military Retirement is **DENIED**.

**SO ORDERED** this ____9/28/2020____

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

DM0572-17, Bruner v. Bruner
Decision and Order (Motion for Reconsideration).

Page **5** of **5**